**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

MARTHA GRAY,

    Plaintiff,

v.                                         Civil Action No. 3:04cv692

RICHMOND PUBLIC SCHOOLS,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Summary Judgment (Docket No. 10) filed by the defendant, Richmond Public Schools. For the reasons set forth below, the Motion for Summary Judgment is granted and this action will be dismissed with prejudice.

**STATEMENT OF FACTS**

The plaintiff, Martha Gray, alleges that the defendant, Richmond Public Schools ("RPS"), discriminated against her on the basis of age when it failed to hire her as an In-School Suspension Coordinator ("ISS Coordinator"). The facts pertinent to this allegation are set forth below.

Virginia law requires that a teacher must hold a license issued by the Board of Education. Va. Code Ann. § 22.1-299 (Michie 2003 Repl. Vol.). If an applicant is not licensed to teach, the applicant may not be considered for any teaching position, including ISS Coordinator. To be qualified for the ISS Coordinator position, a potential candidate "must hold a current collegiate

professional license and endorsement in any subject area." Harold Fitrer Aff. ¶ 6, Ex. 1. All current and former ISS Coordinators within the RPS system possessed the required licensure. Id. ¶ 7.

Gray has been employed as an instructional assistant with the RPS since approximately October 1999. An instructional assistant is not required to have a professional teaching license.

In March 1999, Gray submitted an application for ISS Coordinator but, because she did not possess the required license, RPS decided that she was not qualified for the position. Later in 1999, Gray filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination when she was not hired for the ISS Coordinator position. The dispute was mediated and, RPS, without admitting fault or liability, agreed to accord Gray a priority consideration for an instructional assistant position and to be given priority consideration for a professional teaching vacancy if, and when, she was within six academic hours of being certified as a teacher by the Virginia Department of Education. Mediation Settlement Agreement, Ex. B to Defendant's Motion for Summary Judgment.

Since 1999, Gray has not applied for the ISS Coordinator position, or for any other position. Moreover, Gray has not, since 1999, become licensed. Nor has she demonstrated that she is within six hours of receiving certification.

In February 2004, Gray filed a charge with the EEOC claiming that she was not hired for the ISS Coordinator position because of

her age. The EEOC issued a right to sue notice to Gray who subsequently filed this action.

As of the date the summary motion was filed, Gray did not have a current collegiate professional license and was not within six hours of obtaining her certification as a teacher.

## DISCUSSION

**A. The Standard for Summary Judgment**

Summary judgment is to be rendered "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The rules further provide:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

It is the responsibility of the party seeking summary judgment to inform the court of the basis for its motion, and to identify the parts of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp., 828 F.2d 211, 216 (4th Cir. 1987). "[W]here the non-

moving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories and admissions on file.'" Celotex, 477 U.S. at 324. The moving party may also use affidavits to support its motion. Then the non-moving party must go beyond the pleadings and, by citing its own affidavits or by citing "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. Opposition to a properly documented summary judgment motion may not be based solely on the pleadings. Id.

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis added). It is the function of the district court not to weigh the evidence, but to determine whether there is a genuine issue for trial, and "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249 (citations omitted). Hence, summary judgment is appropriate if the evidence is "merely colorable" or "not significantly probative." Id. at pp. 249-50 (citations omitted). The standard for summary judgment mirrors the standard for directed verdict (now judgment as a matter of law) under Rule 50(a), Fed. R. Civ. P., the principal difference being procedural. Id. at 251. And, "[w]hen the moving

party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). The non-moving party, however, "need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." Anderson, 477 U.S. at 257. The district court also "must view the evidence presented through the prism of the substantive evidentiary burden." Id. at 254.

Furthermore, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. Summary judgment is appropriate only if, upon consideration of the record as a whole, a reasonable trier of fact could not find for the non-movant. Allstate Financial Corp. v. Financorp, Inc., 934 F.2d 55, 58 (4th Cir. 1991). But, where a faithful examination of the record establishes the absence of a genuine issue of material fact, it is "the affirmative obligation of the trial judge to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987); see also Guinness PLC v. Ward, 955 F.2d 875, 883 (4th Cir. 1992). With these principles in mind, the court will consider the motion for summary judgment filed by RPS.

**B.   Gray's Failure to Comply With Local Rules and Procedures**

RPS filed its motion for summary judgment and gave Gray the requisite notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Gray did not file a timely response. However, some twenty days after her response was due, Gray filed a document entitled "Answer to Mr. Harold Fitrer (Affidavit)" in which she takes issue with some of the assertions in Fitrer's affidavit offered by RPS in support of its motion for summary judgment. Subsequently, RPS filed a reply memorandum.

It is true, as RPS asserts, that Gray's response was late and should not be considered by the Court. The law in this circuit provides that "the non-moving party on a motion for summary judgment may not sit idly by as the deadline to respond approaches; instead, the non-moving party must timely respond to the motion once the moving party has satisfied its initial burden." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995). Further, Gray's response is otherwise conclusory and inadequate and does not comply with Fed. R. Civ. P. 56. Nor does it satisfy Local Rule 56(B).

By right then, as RPS contends, Gray's response should not be considered. However, because Gray is proceeding *pro se*, the Court will consider the submission that she has made in assessing the motion for summary judgment filed by RPS.

**C.   Applicable Legal Principles and Analysis**

To establish a *prima facie* case of age discrimination under a theory of failure to hire, Gray must prove, by a preponderance of the evidence, four elements: "(1) that she is a member of a protected group; (2) there was a specific position for which she

6

applied; (3) she was qualified for that position; and (4) [the defendant] rejected her application under circumstances that give rise to an inference of discrimination." Williams v. Giant Food, Inc., 370 F.3d 423, 430 (4th Cir. 2004).

Although Gray has satisfied the first element, membership in a protected group, she has failed to satisfy the other three elements of a *prima facie* case. Accordingly, her claim must be dismissed.

As to the second element, Gray has presented no evidence that she applied for the position of ISS Coordinator after 1999 when the earlier EEOC charge was resolved by mediation. Her interrogatory answers fix the time of her application at around March 3, 1999. However, it appears that Gray asserts that she was interviewed by Dr. Fitrer and Dr. Jewel-Sherman, the superintendent of schools, and that she considers the interview to have been an application for the position of ISS Coordinator. Under the undisputed record in this case, an application is a formal specific document that must be filed by a person interested in applying for a position and Gray has not established that she made an application under the meaning of the regulations and procedures of RPS.

As to the third element, Gray is not qualified for the position of ISS Coordinator. The undisputed record is that the ISS Coordinator is a teaching position and that, under state law and the job description for the position, a potential candidate must possess the appropriate licensure in order to be qualified. Gray has admitted that she is not licensed. She has offered no proof that she is within six hours of certification. Accordingly, she is

7

not qualified for the job as to which she claims the discrimination to have occurred.[1]

Because Gray filed no application, she cannot satisfy the fourth element, rejection of her application under circumstances that give rise to an inference of discrimination.

In sum, Gray's claim is devoid of merit and fails as a matter of law. Accordingly, RPS is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment (Docket No. 10) filed by Richmond Pubic Schools is granted and the action is dismissed with prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff and counsel for the defendant.

It is so ORDERED.

/s/
Robert E. Payne
United States District Judge

Richmond, Virginia
Date:_____

---

[1] Gray makes an unsupported assertion that her lack of licensure does not render her unqualified for the job. However, Gray's "own opinions and conclusory allegations alone do not have sufficient 'probative force to reflect a genuine issue of material fact.'" Schamann v. O'Keefe, 314 F. Supp.2d 515, 525 (D. Md. 2004) ("quoting Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988)).

8